**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| MAJOR ARTHUR HECTOR,<br><br>                             Plaintiff,<br><br>    v.<br><br>GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARTMENT,<br><br>                             Defendant.<br>_____ | 1:18-cv-00055 |

**TO:**    Yohana Manning, Esq.
         Venetia H. Velazquez, Esq.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court upon Defendant's "Motion To Deem Facts Admitted For Failure To Comply With Fed. R. Civ. P. 36" (ECF No. 26) and its memorandum in support thereof (ECF No. 27). Defendant filed the motion on March 9, 2020. Plaintiff did not timely respond to the motion nor did he timely move for an extension.

On April 28, 2020, the Court *sua sponte* ordered Plaintiff to respond to the motion by no later than 5:00 p.m. on May 4, 2020. (ECF No. 28). After 5:00 p.m. on May 4, 2020, Plaintiff then requested another seven-day extension. (ECF No. 29). The Court granted the extension, allowing him up until 5:00 p.m. on May 11, 2020 to file a response. (ECF No. 30). After 5:00 p.m. on May 11, 2020, Plaintiff filed another motion for extension. (ECF No. 31). The Court granted that motion, allowing Plaintiff up until 5:00 p.m. on May 18, 2020 to file a response. (ECF No. 32). The Court specifically notified Plaintiff that "[t]his [would be] the **FINAL** extension that the Court will grant to Plaintiff with respect to his time to respond to

Defendant's motion." (ECF No. 32 at 1). The May 18, 2020 deadline has now passed without any response by Plaintiff.

While the Court is mindful that the COVID-19 pandemic is presenting ongoing disruption to all aspects of everyday life, the Court must ultimately carry on with its business. The parties must pay attention to Court-ordered deadlines or otherwise keep the Court apprised of any circumstances that might justify extensions, particularly when the Court—on its own accord—affords the parties additional time to respond to a particular motion. As such, the Court will rule on the motion without necessity of response. For the following reasons, the Court will grant Defendant's motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

Defendant attaches as an exhibit Requests for Admission ("RFA") that it sent to Plaintiff during discovery in this case. (*See* ECF No. 27-1). The Certificate of Service on the RFA indicates that it was served on Plaintiff on November 18, 2019. *Id.* at 9. Defendant has also attached an affidavit, dated March 6, 2020, from attorney Venetia Velazquez indicating that Plaintiff has failed to respond to the RFA. (ECF No. 27-2). Velazquez further affies that on December 18, 2019, Plaintiff's counsel had indicated that he was in the process of compiling responses to the RFA. *Id.* at 2. The record does not indicate what action—if any—Plaintiff's counsel may have taken since confirming that he was going to file responses to the RFA.

*Hector v. Government of the Virgin Islands*
1:18-cv-00055
Memorandum Opinion and Order
Page 3

Defendant argues that each of the facts in the RFA must be deemed admitted under Federal Rule of Civil Procedure 36(a)(3), because Plaintiff has failed to respond or objects to any of the written requests within 30 days. (ECF No. 27 at 2). Further, Defendant argues that the facts in the RFA—as a result of being deemed admitted—will then be "conclusively established" for purposes of this litigation. *Id.*

## II.     APPLICABLE LEGAL PRINCIPLES

Under Federal Rule of Civil Procedure 36, a party may serve on the opposing party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The responding party may admit the request, deny it, state that the party lacks the ability to admit or deny it after a reasonable investigation, or object to it. Fed. R. Civ. P. 36(a)(4-5).

Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); *see also Shelton v. Fast Advance Funding, LLC*, --- Fed. App'x ---, 2020 WL 1027802, at *2 (3d Cir. Mar. 3, 2020) (explaining rule in context of motion in limine); *Schwartzman v. Rogue Int'l Talent Grp., Inc.,* Civil Action No. 12-5255, 2013 WL 5948028, at *4 (E.D. Pa. Nov. 7, 2013) (deeming certain facts admitted

*Hector v. Government of the Virgin Islands*
1:18-cv-00055
Memorandum Opinion and Order
Page 4

and explaining that Rule 36(a)(3) "allow[s] a court to deem admitted matters addressed in a request for admission if the party to whom the request is directed fails to serve a written answer or objection within thirty days after being served."); *United States v. Klimek,* 952 F. Supp. 1100, 1103 (E.D. Pa. 1997) (deeming admitted requests for admissions and entering judgment against *pro se* defendant who "proffered no excuse for his failure to respond to the Government's . . . requests for admissions").

### III. DISCUSSION

Here, Plaintiff has made no effort to respond to the RFA or this motion, even after the Court granted him extra time to address the latter. The Court has been generous in affording Plaintiff time to respond to the immediate motion, to which he could have made some indication, even if insufficient, as to why he did not timely respond to the RFA. The recent motions that Plaintiff has filed do not provide a sufficient explanation for missing the initial deadline to respond to the RFA, which passed well before the COVID-19 pandemic may have impacted his access to resources or his need to prepare a response to the immediate motion. Because Plaintiff has still not formally responded to the immediate motion, the Court must decide the motion on the record before it. Given that Plaintiff has not responded to the RFA—which was served on him more than six months ago—the Court deems admitted the matters addressed in the RFA. The following facts—as quoted from the RFA itself—are thus conclusively established for purposes of this litigation:

*Hector v. Government of the Virgin Islands*
1:18-cv-00055
Memorandum Opinion and Order
Page 5

1. You[1] were appointed to the position of chief of police by the Governor of the Virgin Islands.

2. The position of chief of police is in the exempt service.

3. You signed a document voluntarily entering the exempt service in 2015.

4. Your collective bargaining agreement required the VIPD to return you to the classified service, upon leaving the exempt service.

5. You were offered an opportunity to remain with VIPD, in a supervisory role, after your tenure as chief of police.

6. After your removal as chief of police, you were returned to your position as Police Lieutenant in the Classified Service, at a salary of $82,399.

7. You rejected the opportunity to return to a supervisory position.

8. While serving as chief of police, you received criticism from your superiors for failing to satisfactorily meet work goals related to the Consent Decree.

9. The Defendants jointly warned both you and the Chief of Police in the St. Thomas-St. John district of the failure to meet established quarterly work goals.

10. You received communications from the Defendants in several emails over a period of several months and up to May 11, 2016, regarding concerns about the failure to meet work deadlines.

11. You acknowledged your failure to meet work goals, in a communication to the Defendants dated May 12, 2016.

12. You received communications from the Defendants, alerting that you would be recommended for removal from office if your work performance did not improve.

13. At the same time you received a threat of removal, as indicated in No. 12, at least one other employee at VIPD, who held a similar position to the one

---

[1] "You" refers to Plaintiff.

*Hector v. Government of the Virgin Islands*
1:18-cv-00055
Memorandum Opinion and Order
Page 6

> you held, was also threatened with removal if his work performance also did not improve.
>
> 14. Both you and the Chief of Police in the St. Thomas-St. John District were removed from office at or around the same time.
>
> 15. You have not applied for any job opportunity at VIPD from 2016 to present.
>
> 16. You voluntarily retired from the VIPD in June 2016.
>
> 17. A peace officer in the Virgin Islands is eligible for retirement after 20 years of service.
>
> 18. At the time of your retirement, you had completed approximately 30 years of credited service.
>
> 19. At the time of your retirement as a peace officer, you were eligible for full retirement under Virgin Islands law.
>
> 20. As a political appointee in your position as chief of police, you served at the will of the Governor, subject to removal by the Governor at any time.
>
> 21. Your appointment to the position of chief of police was not for a specific time period.
>
> 22. The Governor who appointed you was elected to serve a four-year term in office, which commenced in January 2015.

(ECF No. 27-1 at 5-8).

### IV.  CONCLUSION

**WHEREFORE**, it is now hereby **ORDERED** that Defendant's "Motion To Deem Facts Admitted For Failure To Comply With Fed. R. Civ. P. 36" (ECF No. 26) is **GRANTED** and the

*Hector v. Government of the Virgin Islands*
1:18-cv-00055
Memorandum Opinion and Order
Page 7

facts in the RFA (ECF No. 27-1) are deemed admitted and conclusively established for this litigation.²

ENTER:

Dated: May 19, 2020                         /s/ George W. Cannon, Jr.
                                            GEORGE W. CANNON, JR.
                                            MAGISTRATE JUDGE

---

² While the Court offers no advice to the parties, it does want to err on the side of caution, given the above-mentioned and continuing nationwide upheaval as a result of the COVID-19 pandemic. The Court thus notes that, despite its ruling today, a matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.,* 217 F.R.D. 296, 298 (D. Conn. 2002) (citations omitted).